**BOWLES, Administrator, Office of Price Administration, v. HAYMOND et al.**

Civ. No. 1282.

District Court, D. Connecticut.

Dec. 1, 1944.

John D. McHugh, of Hartford, Conn., for plaintiff.

Edwin M. Ryan, of Hartford, Conn., for defendants.

SMITH, District Judge.

This is an action by the plaintiff as Price Administrator, seeking to enjoin violations of Maximum Price Regulation 540 with reference to sales of used cars. It is before the court at this time on hearing on a motion for preliminary injunction.

Plaintiff produced evidence which he claimed proved two instances in which the defendants or their predecessors, acting by defendant Haymond, required financing through a specific finance company, Colonial Acceptance Corporation, as a condition of agreeing to a sale on credit of used cars. Plaintiff also produced evidence that, on two instances, a number of cars on display in the sales showroom of the defendants, lacked the tags required by Section 10 of Maximum Price Regulation No. 540.

The defendants contend that, in one instance, there is no credible proof of a requirement that the purchaser, Norige, finance the purchase through Colonial Acceptance Corporation, and, in the other instance, the attempted purchase by Lindsey, that there was no refusal based on an attempt to require financing through Colonial Acceptance Corporation but only a refusal because of unsatisfactory terms in the assignment clause of the refinancing documents submitted by a credit union. It is further argued that there is no evidence in either case that the price obtained by the seller from the finance company exceeded the applicable price ceiling, that the failure to supply all the tags was in two isolated instances, and that the provisions of the Regulation are now being fully complied with. It is also argued that the use of the injunctive power of the court on such a minor matter is a misuse of the equity powers of the court in that normally, in equity, some greater exigency must be shown requiring immediate relief before any temporary injunction or restraining order may be granted.

■ I take it that it is established by Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, that the court should apply the requirements of equity practice, but that, in view of the destructive consequences of inflation, the courts should not administer Section 205(a), 50 U.S.C.A.Appendix, § 925(a), of the Act grudgingly. It is apparent that in the Lind-

sey matter, the defendant Haymond refused refinancing through the credit union, not because of the unsatisfactory nature of the assignment clause, but for the purpose of requiring either a purchase for cash or refinancing through Colonial Acceptance Corporation, with the idea of testing the validity of the restriction in Section 9 of Maximum Price Regulation No. 540, even though he has now abandoned that idea and his present recollections of the cause and purpose of his refusal are somewhat different.

The proof on the Norige transaction is far from satisfactory. Obviously, the purchaser's memory was in fault in at least one respect—the receipt of a written guarantee at the time she signed defendants' Exhibit "A", and it may have been also at fault on the exact wording of the conversation concerning the requirement that she finance through Colonial Acceptance Corporation, particularly in view of her rather strong feeling concerning the intervening repossession of the car by Colonial Acceptance Corporation.

The violation of Section 9 by the Norige transaction is not proven.

■■ The restriction against requiring financing through a particular financing agency is in its terms absolute and not dependent upon a breach of the ceilings in each case. I take it that it is well settled that the Administrator may prohibit absolute practices which he considers carry with them sufficient danger of widespread violation of the price ceilings. If he has reasonable grounds for finding such a danger, the prohibition of the Regulation is valid, and its validity as founded upon reasonable grounds may not be tested here, since such a test is confined to the methods set up under the Act culminating in judicial determination by the Emergency Court of Appeals.

■ For the purpose of this proceeding, therefore, the Maximum Price Regulation No. 540 must be considered as valid, and I interpret it to intend a prohibition against the practices described in Section 9 of the Regulation whether or not, in an individual case, the practice results in exceeding the price ceiling. In view of the close tie-up of defendants with Colonial Acceptance Corporation, defendants must realize that some curb upon their natural enthusiasm to induce dealings through Colonial Ac-

ceptance Corporation must be maintained on their part in order that they avoid going so far as to require refinancing through Colonial Acceptance Corporation and thereby violate the Regulation.

So far as tagging is concerned, it may be important in avoiding mistakes which might involve violations of the ceiling prices. Certainly the defendants have not been too careful in complying with Section 10 of the Regulation.

■ A temporary injunction may issue, restraining defendants and anyone acting by, for, or under, them from violating the provisions of Sections 9 or 10 of Maximum Price Regulation No. 540, pending the final determination of this action or further order of this court.

Proposed findings of fact and conclusions of law may be submitted by stipulation or on notice.